UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, et al.,<br><br>Travelers,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>BNSF. | Case No. 24-cv-06319-HSG<br><br>**ORDER DENYING MOTION TO DISMISS OR STAY IN THE ALTERNATIVE**<br><br>Re: Dkt. No. 11 |

Before the Court is Defendant BNSF Railway Company's motion to dismiss or alternatively to stay Plaintiffs' second cause of action for declaratory relief regarding its duty to indemnify. Dkt. No. 11. The Court finds the matter appropriate for disposition without oral argument and deems it submitted. *See* Civil L.R. 7-1(b). The Court DENIES the motion.

**I.   BACKGROUND**

This dispute arises out of an underlying construction defect action. In 2013, BNSF Railway Company ("BNSF") purchased an easement from North Richmond Properties in order to move a railway track across the location of the easement. Dkt. No. 1 ("Compl.") ¶ 20. BNSF hired J.L. Patterson & Associates ("JLP") to prepare the plans for the railway construction project and Asta Associates to perform the construction work. *Id.* ¶¶ 21–22. In 2017, North Richmond Properties filed a complaint against BNSF, JLP, and Asta Associates in Contra Costa County Superior Court ("State Action"), alleging that the construction project caused North Richmond Properties' land to be flooded. *Id.* ¶¶ 24–25. The underlying complaint brings a negligence claim against JLP. *Id.* ¶ 27.

BNSF was listed as an additional insured entity on JLP's primary and excess commercial general liability insurance policies with Travelers Indemnity Company of Connecticut and

Travelers Property Casualty Company of America (collectively, "Travelers"). *See* Compl. ¶¶ 9–10, 31. Travelers is not a party to the State Action. According to the language of the JLP insurance policy (as alleged in Travelers' complaint in this case), it provides coverage for damages due to "'bodily injury' or 'property damage' . . . caused by an 'occurrence,'" where "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* ¶ 11.[1] In addition, the policy includes an endorsement entitled "Exclusion Engineers, Architects or Surveyors Professional Liability," which excludes "'bodily injury' or 'property damage' arising out of the rendering of or failure to render any 'professional services,'" and defines "professional services" as:

> "a. Preparation, approval, provision of or failure to prepare, approve, or provide any map, shop drawing, opinion, report, survey, field order, change order, design, drawing, specification, recommendation, warning, permit application, payment request, manual or instruction;
>
> b. Supervision, inspection, quality control, architectural, engineering or surveying activity or service, job site safety, construction contracting, construction administration, construction management, computer consulting or design software development or programming, service, or selection of a contractor or subcontractor; or
>
> c. Monitoring, testing, or sampling service necessary to perform any of the services described in Paragraph a. or b. above."

*Id.* ¶ 11.

In 2019, BNSF tendered its defense and indemnity of the claims alleged in the State Action, which Travelers denied. *Id*. ¶¶ 31–32. BNSF then renewed its tender request in July 2024. *Id.* ¶ 33. In September 2024, Travelers filed a complaint in this Court seeking a declaration that it has no obligation to defend or indemnify BNSF in the State Action. *See id.* at 16 ("Prayer for Relief"). In a case management statement submitted in December 2024, the parties reported that the underlying action is scheduled to be tried in September 2025. Dkt. No. 25 at 5. As of the filing of this Order, the docket in the State Action reflects that a jury trial has been set for

---

[1] Neither party initially submitted the relevant insurance policy when filing the complaint or motion to dismiss. However, BNSF does not appear to challenge Travelers' recitation of the policy terms at this stage. As such, the Court will construe the policy terms as recited in Travelers' complaint as true for the purpose of deciding the motion to dismiss.

1  September 8, 2025.

2  BNSF moves to dismiss or stay Travelers' second cause of action for declaratory relief
3  regarding the duty to indemnify. Dkt. No. 11 ("Mot.") at 1. BNSF does not seek to dismiss or
4  stay the first cause of action, which concerns the duty to defend. *Id.*

## II. LEGAL STANDARD

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Based on the statute's "permissive language," district courts have broad "discretion to dismiss a federal declaratory judgment action when 'the questions in controversy . . . can better be settled in' a pending state court proceeding." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 289–90 (1995) (holding that review of district court "decisions about the propriety of hearing declaratory judgment actions" is "for abuse of discretion")). "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc).

In deciding whether to stay or dismiss an action for declaratory relief, a district court should consider the three factors set forth in the Supreme Court's decision in *Brillhart*. *See R.R. St. & Co.*, 656 F.3d at 975. Specifically, a district court should (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. *Id.* (quoting *Dizol*, 133 F.3d at 1225). The three *Brillhart* factors are the "philosophic touchstone" of the *Wilton/Brillhart* analysis. *Id.* In addition, the Ninth Circuit has suggested other considerations that may weigh in favor of a district court's decision to dismiss or stay an action for declaratory relief: whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a res judicata advantage; whether the use of a

3

1    declaratory action will result in entanglement between the federal and state court systems; the
2    convenience of the parties; and the availability of and relative convenience of other remedies.
3    *Dizol*, 133 F.3d at 1225 n. 5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir.
4    1994) (Garth, J., concurring)).  At bottom, "the district court must balance concerns of judicial
5    administration, comity, and fairness to the litigants." *Principal Life Ins. Co. v. Robinson*, 394 F.3d
6    665, 672 (9th Cir. 2005) (internal quotation marks omitted).

### III.     DISCUSSION

#### A.     Ripeness

The Court has jurisdiction to award declaratory relief only if an actual case or controversy exists.  *See Kearns*, 15 F.3d at 143.  At first glance, BNSF does not appear to dispute that Travelers' duty to indemnify cause of action meets this threshold requirement.  *See* Mot. at 8 ("[A]n insurer's declaratory relief action regarding an insurer's duty to defend and indemnify claims in a pending third-party liability action against its insured has been held to satisfy that threshold case and controversy requirement.") (citing *Kearns*, 15. F.3d at 144).  But BNSF also argues that the duty to indemnify claim should be dismissed because it is "not ripe for adjudication."  *See* Mot. at 14.  Specifically, BNSF argues that "as a matter of law, the 'question whether an insurer has a duty to indemnify the insured on a particular claim is ripe for consideration only if the insured has already incurred liability in the underlying action.'" *See id.* at 9 (quoting *Armstrong World Indus. Inc. v. Aetna Cas. & Sur. Co.*, 45 Cal. App. 4th 1, 108 (1996)). And here, BNSF asserts, no party has incurred liability because the State Action is still pending trial, and Travelers, which is not defending BNSF in the underlying action, has not alleged "any injury that is 'actual or imminent, not conjectural or hypothetical.'" *See* Mot. at 10 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

The Court agrees with Travelers that its duty to indemnify cause of action is ripe under *Armstrong*.  *See* Opp. at 10–13.  *Armstrong* expressly held that "in a declaratory relief action held before the insured's liability has been established, the trial court cannot determine the amount of the insured's indemnity obligation," but the court may issue declaratory relief as to "whether the

4

1  claim is covered by the policy." *See Armstrong*, 45 Cal. App. 4th at 108.[2]  Here, Travelers' duty
2  to indemnify cause of action alleges that under the operative insurance policy, "[t]here is not
3  coverage available" to BNSF for the claims alleged in the State Action. *See* Compl. ¶ 32.  And as
4  BNSF acknowledges, Ninth Circuit precedent also holds that an action is ripe where, as here, the
5  plaintiff insurer seeks declaratory relief as to its defend and its duty to indemnify. *See Kearns*, 15.
6  F.3d at 144.  Moreover, BNSF does not cite any Ninth Circuit or California authority to support
7  the assertion that a plaintiff insurer previously must have agreed to defend an insured in an
8  underlying state court action to give rise to an injury satisfying the case or controversy
9  requirement.  *See Evanston Ins. Co. v. Harrison*, No. 220CV01672WBSKJN, 2020 WL 6784463,
10 at *4 (E.D. Cal. Nov. 18, 2020) (citing *Aetna Casualty and Sur. Co. v. Merritt*, 974 F.2d 1196,
11 1199 (9th Cir. 1992)).  The Court thus finds that the duty to indemnify cause of action is ripe.

### B.   *Brillhart* Analysis

Under *Brillhart*, a district court has the discretion to dismiss or stay a cause of action in order to (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation.  *See R.R. St. & Co.*, 656 F.3d at 975.

As the outset, the Court notes that BNSF's motion is unusual in that it seeks to dismiss or stay only the duty to indemnify claim.  BNSF does not challenge the Court's jurisdiction over the duty to defend claim in the complaint.  *See* Mot. at 1.  By contrast, based on the Court's research, motions challenging declaratory relief actions in the insurance context generally seek to dismiss or stay an entire action premised on both the insurer's duty to defend and duty to indemnify, or seek to dismiss actions based solely on the duty to indemnify.  *See e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Rudolph & Sletten, Inc.*, No. 20-CV-00810-HSG, 2020 WL 4039370, at *4 (N.D.

---

[2] The Court treats an intermediate state court's interpretation of California law as determinative unless there is reason to believe that the California Supreme Court would hold differently, and the Court finds that none exists here.  *See Hayes v. Cnty. of San Diego*, 658 F.3d 867, 872 (9th Cir. 2011) ("An intermediate state appellate court decision is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.") (internal citation and quotation marks omitted).

1   Cal. July 17, 2020) (granting motion to stay declaratory relief action regarding duty to defend and

2   duty to indemnify); *Steadfast Ins. Co. v. Essex Portfolio LP*, No. 21-CV-02756-JSC, 2021 WL

3   4622816, at *1 (N.D. Cal. Oct. 7, 2021) (dismissing declaratory relief action "because only the

4   duty to indemnify [was] at issue, [and] a declaratory judgment would clarify only speculative

5   duties and obligations"). The only case BNSF cites that addressed the seemingly unique

6   circumstances here is a 1994 case from the Seventh Circuit. *See* Mot. at 18 (citing *Nationwide*

7   *Ins. v. Zavalis*, 52 F. 3d 689 (7th Cir. 1994)); Reply at 8 (same). The Court's analysis of the

8   *Brillhart* factors thus takes into account the fact that Travelers' declaratory relief action regarding

9   its duty to defend will proceed in this Court no matter the outcome of this motion.

10      As to the first *Brillhart* factor, adjudicating Travelers' duty to indemnify claim plainly will

11  require determinations regarding state law issues. *See Travelers Prop. Cas. Co. of Am. v.*

12  *ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008) (interpretation of insurance policies is

13  governed by state law). However, whether or not that claim is dismissed or stayed, the Court still

14  will have to address state law issues when deciding Travelers' duty to defend cause of action. And

15  BNSF does not point to any state law issues raised by Travelers' duty to indemnify claim that are

16  particularly complex or novel compared to those raised by the duty to defend claim. *Cf. Kinsale*

17  *Ins. Co. v. Fairwinds Est. Winery LLC*, No. 3:21-CV-05968-WHO, 2021 WL 5494279, at *2

18  (N.D. Cal. Nov. 23, 2021) (granting motion to dismiss entire declaratory relief action because

19  BNSF had "put forward a colorable argument of unresolved issues of state law"). This factor

20  therefore does not favor dismissal or a stay.

21      Regarding the second factor, BNSF does not substantively address the issue of forum

22  shopping in its motion. This is not surprising given that the motion challenges only a portion of

23  the action Travelers filed in this forum. More broadly, BNSF maintains that "Travelers chose to

24  file this action rather than defend BNSF in the Underlying Action under a reservation of rights."

25  *See* Reply at 7. However, the forum shopping factor "usually is understood to favor discouraging

26  an insurer from forum shopping, i.e., filing a federal declaratory action to see if it might fare better

27  in federal court at the same time the insurer is engaged in a state court action." *Starr Indemnity*

28  *and Liability Insurance Company v. Camenzind Dredging, Inc.*, Case No. 19-CV-00694-LHK,

2019 WL 5102571, at *3 (N.D. Cal. Oct. 11, 2019) (quoting *Am. Cas. Co. of Reading, Penn. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999)). Travelers is not a party to the State Action, and while Travelers could have filed its declaratory relief action in state court, it did not have to. *See Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992) ("We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage."). This factor also does not favor dismissal or a stay.

The third factor the Court considers is whether retaining jurisdiction over the claim will result in duplicative litigation. BNSF's argument on this point in the motion to dismiss is cursory, asserting generally that "[a] determination of the duty to indemnify in this action as sought by Travelers will . . . unnecessarily create duplicative litigation" and "will result in entanglement between the federal and state court systems over the same set of underlying facts." *See* Mot. at 16. But the motion does not identify any factual disputes in the State Action that are relevant to Travelers' duty to indemnify claim, or explain how they would overlap with factual determinations the Court would have to make here to resolve the claim.

In opposition, Travelers argues that the duty to indemnify determination involves "pure coverage issues" that can be resolved "exclusively on the text of the Primary and Excess Policies applied to the allegations in the Underlying Action." Opp. at 14. More specifically, Travelers "contend[s] that the underlying plaintiff has sought damages arising exclusively from the named insured's professional services work, which is clearly and explicitly excluded under the policies." *Id.* at 19. Further, Travelers asserts that "the standard . . . to establish both of its causes of action for declaratory relief are the same" because "to establish that Travelers owes no duty to defend, Travelers must establish that it owes no duty to indemnify BNSF against the underlying action." *Id.* at 13.

On reply, BNSF argues that because Travelers' duty to indemnify claim seeks to establish that there is "no property damage caused by an 'occurrence' in whole or in part by acts or omissions of [J.L. Patterson] alleged in the Underlying Action," and the policy defines occurrence as "an accident," the adjudication of the claim in this Court "will necessar[ily] involve [an]

7

adjudication of facts" that overlaps with the negligence claim asserted in the State Action against JLP. *See* Reply at 5. BNSF contends that this overlap exists as a matter of law because "[i]t is well established that the term 'accident' in a commercial general liability policy includes negligence." *See id.* (citing *Liberty Surplus Ins. Corp. v. Ledesma & Meyer Constr. Co.*, 5 Cal. 5th 216, 221 (2018), *as modified* (July 25, 2018)). In addition, BNSF argues that the determination of the applicability of the professional services exclusion "would as a matter of law require factual findings regarding alleged conduct of BNSF and JLP relating to the Project that overlap with factual disputes at issue in the negligence claim in the Underlying Action." *Id.* at 6–7.[3]

The Court finds no concrete risk of duplicative litigation. As Travelers clarified in its opposition, its duty to defend and duty to indemnify claims both allege a lack of coverage under the operative insurance policy. *See* Compl. ¶ 32 (alleging that "[t]here is no coverage available under the Primary Policies to BNSF for the Underlying Action, and TRAVELERS is under no duty to indemnify BNSF"). To decide the issue of coverage (i.e., Travelers' duty to defend), the Court will assess whether the underlying complaint "'potentially seeks damages within the coverage of the policy.'" *See Ohio Sec. Ins. Co. v. G & G Risk Mgmt. Consultants, Inc.*, No. 20-CV-05725-MMC, 2021 WL 1253796, at *4 (N.D. Cal. Apr. 5, 2021) (quoting *Gonzalez v. Fire Ins. Exch.*, 234 Cal. App. 4th 1220, 1229 (2015)). In certain circumstances, this analysis might require a court to make factual determinations regarding liability that overlap with the factual disputes being litigated in the underlying action. *See e.g.*, *Nat'l Union Fire Ins. Co.*, 2020 WL 4039370, at *4. But that is not the case here, as Travelers alleges that the professional services exclusion in JLP's insurance policy precludes coverage for the damages claimed against it in the underlying complaint, without regard to whether any damages ultimately are awarded. *See* Opp.

---

[3] BNSF also argues that Travelers' duty to indemnify cause of action may not rely on the professional liability exclusion because it does not explicitly reference that exclusion, and thus "is solely based on an alleged lack of occurrence." *See* Reply at 18. The Court disagrees. Travelers alleges that it has no duty to indemnify BNSF because "[no] covered 'property damage' . . . has been alleged in the Underlying Action." *See* Compl. ¶ 32. The complaint further alleges that the relevant insurance policy excludes coverage for "'property damage' arising out of rendering or failing to render any 'professional services,'" as defined by the policy. *Id.* ¶ 13. This allegation is incorporated by reference in the duty to indemnify cause of action. *See id.* ¶ 30.

at 14, 19; Compl. ¶¶ 13, 30, 32. In addition, the State Action does not address the application of any policy terms, and the underlying complaint does not appear to allege any conduct by JLP beyond its role in designing and preparing engineering plans for the railway project.[4] Accordingly, BNSF fails to explain with any specificity how the resolution of the coverage question would involve any facts or issues being litigated in the State Action.[5] *See Ohio Sec. Ins. Co.*, 2021 WL 1253796, at *4 (holding that there were no overlapping factual issues between underlying action and declaratory relief action based on duty to defend and duty to indemnify because "Travelers' theory as to why coverage [was] unavailable [was] based on the Professional Services Exclusions, and there [was] no dispute" that the negligence claim in underlying action alleged that the insured party was negligent fulfilling certain duties); *SecuriMetrics, Inc. v. Hartford Cas. Ins. Co.*, No. C 05-00917 CW, 2005 WL 2463749, at *4 (N.D. Cal. Oct. 4, 2005) (denying motion to dismiss duty to indemnify claim where defendant alleged that "the duty to indemnify and the duty to defend [were] both dependent on coverage," and finding that it would be "unjust and wasteful . . . to force Defendant to bring multiple actions for declaratory relief"). And Travelers' duty to indemnify claim, which relies on the same coverage theory, may be resolved on the same basis because under California law "'where there is no duty to defend, there cannot be a duty to indemnify.'" *See Broughton v. Ohio Cas. Ins. Co.*, 533 F. Supp. 3d 838, 843 (N.D. Cal. 2021) (quoting *Certain Underwriters at Lloyd's of London v. Superior Ct.*, 24 Cal. 4th 945, 958 (2001)).

In sum, the Court finds that the *Brillhart* favors do not favor dismissal or a stay of Travelers' duty to indemnify claim while the duty to defend claim proceeds. Even if the Court granted BNSF's motion, it still would have to decide at least some state law issues, and there is no evidence of forum shopping by Travelers. BNSF also has not identified any duplicative factual or

---

[4] The operative State Action complaint alleges that "BNSF hired J.L. Patterson and Associates hereinafter JLP) to design improvement plans," Dkt. No. 28-3 ¶ 2, "JLP, engineers hired by BNSF, prepared plans for the Richmond Rail Connector," *id.* ¶ 18, and JLP "designed and prepared the plans, drawings and specifications for the installation of the Richmond Rail Connector" and was "negligent, careless, and reckless" in doing so, *id.* ¶¶ 44, 49.

[5] Presumably BNSF does not dispute this conclusion, as it does not seek to dismiss or stay Travelers' duty to defend claim.

9

legal issues that overlap between Travelers' duty to indemnify claim here and the State Action. Travelers' theory is that it has no duty to defend, and therefore no duty to indemnify, BNSF because the allegations in the underlying complaint fall within the scope of an express policy exclusion. And BNSF fails to explain how the Court can address one aspect of this theory without intruding on the factual determinations being made in state court, but not the other. Additional factors also counsel against either dismissal or a stay. The declaratory action here could serve the useful purpose of clarifying Travelers' coverage duties if BNSF or JLP is held liable in the State Action. Finally, it appears that a stay would provide minimal benefit given that trial in the underlying action is set in early September 2025 according to the state court's docket.

### C. *Landis* Analysis

BNSF also moves to stay Travelers' duty to indemnify cause of action pursuant to the Court's inherent powers to stay proceedings under *Landis v. North American Co.*, 299 U.S. 248 (1936). Mot. at 18–20. In response, Travelers argues that the Ninth Circuit has held that the *Landis* factors do not apply to cases involving concurrent state and federal actions, citing *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842–43 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 554 (2024). *See* Opp. at 15–16. Travelers argues that under *Ernest Bock*, the test outlined in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), applies instead of the *Landis* analysis, and that a stay is not appropriate here under the *Colorado River* test. *Id.* at 16–18.

Travelers' argument misunderstands the application of *Ernest Bock* to this case. "'[A] district court may, in its discretion, stay or dismiss a federal case in favor of related state proceedings: (1) when an action seeks only declaratory relief, or (2) when exceptional circumstances exist.'" *Ernest Bock*, 76 F.4th at 842 (citing *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158 (9th Cir. 2012)). Because the complaint in *Ernest Bock* did not seek declaratory relief, the court addressed the propriety of a stay under the second prong, applying the *Colorado River* test. *See Ernest Bock*, 76 F.4th at 836–42. The court ultimately determined that a stay under *Colorado River* would not be appropriate, and further held that if the *Colorado River* factors do not support a stay, the court may not issue a stay under *Landis* in the alternative. *See id.* at 842.

But this case plainly falls in the first category, as Travelers' complaint seeks only

10

declaratory relief. *See* Compl. at 16 ¶¶ 1–5. In declaratory relief actions, the *Brillhart*/*Wilton* factors apply, not the *Colorado River* test. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) ("Distinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River*."). Accordingly, *Ernest Bock* is not controlling here. *See Ernest Bock*, 76 F.4th at 842 (holding that "[a] docket management stay may not issue in favor of parallel state proceedings if the *Colorado River* factors do not support a stay").

And in any event, the Court finds that the *Landis* factors do not support a stay. A party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 254. When determining whether to grant a party's motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Typically, this balancing test requires the court to consider (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of simplifying or complicating the issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254–55). Here, because Travelers' duty to defend and duty to indemnify theories are intertwined, it makes little sense to preclude Travelers from prosecuting a portion of its action. Doing so would not simplify the case at this stage, and would not prejudice BNSF given that it has failed to identify any concrete risk of inconsistent rulings if a stay does not issue.

**IV.   CONCLUSION**

Accordingly, the Court **DENIES** BNSF's motion, Dkt. No. 11. The Court further **SETS** a case management conference on July 29, 2025, at 2:00 p.m. The hearing will be held by Public Zoom Webinar. All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/hsg. All attorneys and pro se litigants appearing for the case management conference are required to join at least 15 minutes before the hearing to

1  check in with the courtroom deputy and test internet, video, and audio capabilities.  The Court
2  **DIRECTS** the parties to submit a joint case management statement by July 22, 2025.  The parties
3  should be prepared to discuss how to move this case forward expeditiously.

**IT IS SO ORDERED.**

Dated:    7/14/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge